IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:24-cv-01138-CNS

J.D.,

    Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,

    Defendant.

## ORDER

Plaintiff J.D.[1] seeks supplemental security income under Title XVI of the Social Security Act for several mental and physical impairments. Administrative Record (A.R.) at 336–42. An Administrative Law Judge (ALJ) denied J.D.'s claim at both the initial and reconsideration stages. A.R. at 128, 142. Following the Appeals Council's denial of further review, the ALJ's decision became the Social Security Administration (SSA) Commissioner's final decision. J.D. subsequently appealed the Commissioner's decision to this Court. For the reasons below, the Court REVERSES the Commissioner's denial of benefits and REMANDS for further analysis.

### I.    BACKGROUND

J.D. filed an application for Title XVI Supplemental Security Income benefits on August 4, 2020, alleging disability due to chronic obstructive pulmonary disease, panic

---

[1] Pursuant to D.C.COLO.L.APR 5.2(b), Plaintiff J.D. is identified by his initials only.

attacks, anxiety, and high blood pressure. A.R. at 336–42, 70. The SSA denied J.D.'s initial claim on December 1, 2020, and his reconsideration request on September 24, 2021. A.R. at 128, 142. An ALJ then issued an unfavorable decision after a hearing on January 30, 2023. A.R. at 57–67. The Appeals Council remanded with direction to obtain additional evidence concerning J.D.'s impairments, give further consideration to J.D.'s maximum residual functional capacity (RFC), and to obtain evidence from a vocational expert to clarify the effect of the assessed limitations on J.D.'s occupational base. A.R. at 121–24. On November 17, 2023, after another hearing, a second ALJ issued a written order denying J.D.'s application, A.R. at 16–31, finding, at each step of the required five-step analysis, that

(1) At all relevant times, J.D. was not engaged in substantial gainful activity. A.R. at 22.

(2) J.D. had severe mental and physical impairments. *Id.*

(3) J.D.'s symptoms did not meet or medically equal any listing. A.R. at 22–23. Between steps three and four, the ALJ found that J.D. could perform medium work with some limitations. A.R. at 24–29.

(4) J.D. did not have any past relevant work. A.R. at 29.

(5) J.D. could perform other work in the national economy and was not under a disability since the application filing date. A.R. at 30–31.

The Appeals Council denied review of the second ALJ's decision. A.R. at 3. J.D. then timely sought review from this Court on a single issue: did the second ALJ properly articulate her evaluation of Dr. John Mars's opinion? ECF No. 1, ECF No. 11 at 1.

## II.     LEGAL STANDARD AND STANDARD OF REVIEW

Individuals are disabled under the Social Security Act if they are unable to do "any substantial gainful activity" due to a medically determinable physical and/or mental impairment that can be expected "to last for a continuous period of not less than 12 months." *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (quoting 20 C.F.R. § 416.905(a)). Individuals bear the initial burden of establishing their disability. *See id.* at 1062. To determine whether someone is disabled, courts use a five-step, sequential analysis that considers whether the individual

 (1) is currently engaged in "substantial gainful activity";

 (2) has a "severe" impairment or impairments;

 (3) the impairment or impairments equals one of the impairments listed in the appendix of the relevant disability regulation;

 (4) the impairment or impairments prevent the individual from doing their past work; and

 (5) has the "residual functional capacity" to perform other work in the national economy.

*Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004) (citing 20 C.F.R. § 404.1520(a)(4)). If the individual "is not considered disabled at step three, but has satisfied their burden at steps one, two, and four, the burden shifts to the Commissioner" to show that the individual has the RFC to perform other work in the national economy while considering their age, education, and work experience. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).

Courts review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *Pisciotta v. Astrue*, 500 F.3d 1074, 1075 (10th Cir. 2007). "Substantial evidence" is evidence that is sufficient, based on the entire record, to support the ALJ's factual determinations. *See Biestek v. Berryhill*, 587 U.S. 87, 102 (2019). A district court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met," but courts will "not reweigh the evidence or retry the case." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). The threshold for this "evidentiary sufficiency is not high" and requires only enough evidence that a reasonable person might accept as adequate to support the ALJ's decision. *Id.* Nonetheless, a decision is not based on substantial evidence if it is "overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (quotation omitted). Further, the ALJ's "failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Guice v. Comm'r*, 785 F. App'x 565, 568 (10th Cir. 2019) (citing *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005)).

### III.   ANALYSIS

J.D. argues that the ALJ erred in her analysis and consideration of Dr. Mars's medical opinion. ECF No. 11 at 1. In her evaluation, the ALJ found that J.D. was capable of medium exertional work, except J.D. could occasionally climb and could frequently stoop, kneel, crouch, and crawl. A.R. at 24. As will be relevant below, the SSA defines

medium exertional work to include "lifting no more than 50 pounds at a time with frequently lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 416.967(c).

As part of the evaluation, the ALJ considered the medical opinion of numerous experts, including Dr. Mars and Dr. Kimberlee Terry. A.R. at 28. J.D. argues that the ALJ did not properly consider the required factors in evaluating Dr. Mars's medical opinion, including (1) supportability; (2) consistency; (3) relationship with the claimant, including length of treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; (4) specialization; and (5) other factors. ECF No. 11 at 10 (citing 20 C.F.R. § 404.1520c(c)). The ALJ must provide an explanation for how she considered the supportability and consistency factors in her evaluation. 20 C.F.R. § 404.1520c(b)(2) ("The factors of supportability . . . and consistency . . . are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be. Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision."); *see also id.* (explaining that ALJs have discretion to explain how they considered the other three factors).

Further, the ALJ must "discuss the uncontroverted evidence [s]he chooses not to rely upon, as well as significantly probative evidence [s]he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996). The ALJ's must provide enough to "allow a subsequent reviewer or a reviewing court to trace the path of an adjudicator's reasoning." *Nielsen v.*

5

*Comm'r*, 2022 WL 15570650, at *5 (10th Cir. 2022) (citing Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5858 (Jan. 18, 2017)).

The crux of Plaintiff's appeal is whether the ALJ had substantial evidence to find that J.D. could frequently lift and carry 25 pounds to support a finding of medium exertional capacity.[2] *See* 20 C.F.R. § 416.967(c). Stated differently, Plaintiff argues that the ALJ's finding of medium exertional capacity, which requires him to "*frequently* lift and carry 25 pounds," is inconsistent with Dr. Mars's opinion that J.D. could only *occasionally* lift between 21 and 50 pounds. ECF No. 11 at 8–9.

The ALJ found Dr. Mars's opinion that J.D. could lift 21 to 50 pounds occasionally[3] and 11 to 20 pounds continuously to be persuasive because it was based on an in-person examination of J.D. A.R. at 28. The ALJ also accepted and adopted Dr. Terry's opinion that J.D. could frequently lift 25 pounds because it was supported by "a detailed review of the medical evidence of record." A.R. at 28, 682. In summarizing her review of medical opinions, the ALJ cited only the longitudinal treatment record and Dr. Terry's opinions as support for her findings. A.R. at 28.

In evaluating the persuasiveness of the presented medical opinions, the ALJ failed to reconcile the discrepancy between Dr. Mars's and Dr. Terry's opinions on lifting and carrying capabilities. The ALJ did not discuss how the supportability and consistency of Dr. Mars's conflicting opinion influenced, if at all, her ultimate determination. *See* 20 C.F.R. § 404.1520c(c)(2). Had she adopted Dr. Mars's opinion, or gave it any substantial

---

[2] The Commissioner defines frequent to be "occurring from one-third to two thirds of the time." Social Security Ruling (SSR) 83-10.
[3] The Commissioner defines occasionally to be "occurring from very little up to one-third of the time." SSR 83-10.

weight, it would have precluded the finding of medium exertional work capacity because it limits J.D. to lifting 25 pounds occasionally. *See* A.R. at 675, 20 C.F.R. § 416.967(c). Thus, having failed to reconcile Dr. Mars's opinion with Dr. Terry's opinion, the ALJ's adoption of the latter is without requisite support. In sum, this Court cannot see a basis in the record to support the final determination.

The Commissioner attempts an appeal to common sense and argues that any reasonable person would find that someone capable of lifting and carrying 21 to 50 pounds occasionally and 11 to 20 pounds consistently is also capable of lifting and carrying 25 pounds frequently. ECF No. 13 at 9–10. But "consistently" and "frequently" are terms of art. *See* SSR 83-10. The Commissioner's argument incorrectly takes for granted that Dr. Mars's prescribed weight restrictions and the lifting and carrying frequencies are mutually exclusive categories, not a continuum. *See* A.R. at 675 (Dr. Mars's evaluation form restricting J.D. to lifting 21 to 50 pounds occasionally), SSR 83-10 (defining occasionally and frequently as those terms relate to sedentary, light, and medium work). Therefore, Dr. Mars's opinion creates an inconsistency between the ALJ's opinion and the evidence that the Court cannot harmonize as the Commissioner suggests. ECF No. 13 at 10.

* * *

Because the ALJ did not discuss or explain why she did not give Dr. Mars's medical opinion any weight as to J.D.'s lifting and carrying restrictions, the Court cannot "trace the path of an adjudicator's reasoning." *Nielsen*, 2022 WL 15570650, at *5. The Court thus concludes that remand is appropriate to allow the ALJ to explain why she found parts of

Dr. Mars's opinion persuasive but rejected it. *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) (concluding that the ALJ's failure to apply proper legal standard is grounds for reversal); *Bryant v. Comm'r*, 753 F. App'x 637, 643 (10th Cir. 2018) (remanding where ALJ failed to apply the correct legal standard in "evaluating the medical evidence").

## IV.   CONCLUSION

For the reasons set forth above, the Court REVERSES the ALJ's decision and REMANDS for further proceedings consistent with this order.[4]

DATED this 20th day of June 2025.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge

---

[4] Plaintiff includes two additional questions. ECF No. 11 at 14. He first asks that the Court to order a de novo hearing on remand. Second, he asks that the Court require a different ALJ to hear the proceedings on remand. Plaintiff provides no authority for either request, and the Court declines to grant these requests. Plaintiff has not shown that a de novo hearing is required. Nor does Plaintiff argue that the ALJ is biased against Plaintiff or somehow acted unprofessionally.